UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO MORENO,<br><br>        Petitioner,<br><br>   v.<br><br>LARRY SMALL, Warden,<br><br>        Respondent. | 1:09-CV-00272 GSA HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br>[Doc. #9]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction. See 28 U.S.C. § 636(c).

**BACKGROUND**

     Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on November 19, 1999, of kidnaping with force and fear, forcible oral copulation, assault with intent to commit rape, and attempted sodomy by force. (LD 1.[1]) The jury also found true several sentencing enhancements. (LD 1.) On December 29, 1999, he was sentenced to serve a total

---

[1] "LD" refers to the documents lodged by Respondent with his motion to dismiss.

1  determinate term of thirty-three years and four months in state prison. (LD 1.) That term was later
2  amended to thirty-two years. (LD 2.)

3        Petitioner appealed the judgment to the California Court of Appeals, Fifth Appellate District.
4  On May 14, 2002, the appellate court stayed the assault with intent to commit rape charge, but
5  affirmed the judgment in all other respects. (LD 3.) Petitioner then filed a petition for review in the
6  California Supreme Court. (LD 4.) On July 24, 2002, the petition was summarily denied. (LD 5.)

7        Petitioner filed one post-conviction collateral challenge with respect to the judgment in the
8  Kings County Superior Court on June 28, 2008.[2] (LD 6.) The petition was denied on September 11,
9  2008. (LD 7.)

10       On February 12, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in
11 this Court. Following a preliminary review of the petition, the Court ordered Respondent to brief the
12 issue of the statute of limitations. On July 10, 2009, Respondent filed a motion to dismiss the
13 petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).
14 Petitioner did not file an opposition.

15       **DISCUSSION**

16 A.  Procedural Grounds for Motion to Dismiss

17       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
18 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
19 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

20       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
21 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
22 state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
23 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
24 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
25 state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

---

27     [2]Pursuant to the mailbox rule set forth in Houston v. Lack, the Court deems the petition filed on the date Petitioner signed the proof of service and presumably handed the petition to prison authorities for mailing, as opposed to the date of
28 their receipt by the court clerk. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 12, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1  28 U.S.C. § 2244(d).

2  In most cases, the limitations period begins running on the date that the petitioner's direct
3  review became final.  In this case, the petition for review was denied by the California Supreme
4  Court on July 24, 2002.  Thus, direct review concluded on October 22, 2002, when the ninety (90)
5  day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463
6  U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159
7  F.3d 345, 347 (8th Cir.1998).  Petitioner had one year from October 23, 2002, until October 22, 2003,
8  absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However,
9  Petitioner delayed filing the instant petition until February 12, 2009, over five years beyond the due
10 date.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

11 C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

12 Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
13 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
14 pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In
15 Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is
16 properly pursuing post-conviction relief, and the period is tolled during the intervals between one
17 state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the
18 state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
19 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year
20 statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction
21 petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
22 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by
23 the federal courts to have been untimely in state court will not satisfy the requirements for statutory
24 tolling. Id.

25 As stated above, the statute of limitations began to run on October 23, 2002, and expired on
26 October 22, 2003. Petitioner did not file his first state habeas petition until June 28, 2008. At that
27 point, the limitations period had already expired.  Therefore, the state habeas petition had no tolling
28 consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to

tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). The instant petition is untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). In this case, the Court finds no reason to equitably toll the limitations period. Therefore, the petition remains untimely and must be dismissed.

E.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the

applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE for violating the statute of limitations;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 1, 2009          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE